UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORBERT FONSECA | CIVIL ACTION |
| VERSUS | NO. 22-5498 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is a partial motion to dismiss filed by defendants State Farm Mutual Automobile Insurance Company ("State Farm Auto") and State Farm General Insurance Company ("State Farm General").[1] Plaintiff Norbert Fonseca does not oppose defendants' motion. For the following reasons, the Court hereby grants defendants' motion.

## I.  BACKGROUND

This insurance dispute arises from property damage plaintiff allegedly sustained during Hurricane Ida in August 2021.[2] Plaintiff contends that defendants State Farm Fire and Casualty Company ("State Farm Fire"), State Farm Auto, and State Farm General issued an insurance policy that covered

---

[1] R. Doc. 15.
[2] R. Doc. 1 ¶ 14.

his property at the time of the storm,[3] and that despite his timely provision of notice of his claim, defendants improperly underestimated plaintiff's damage and denied full coverage under the policy.[4] He thus sued all three State Farm entities for breach of contract and bad faith denial of coverage under Louisiana Revised Statutes sections 22:1892 and 22:1973.[5]

State Farm Auto and State Farm General now move to dismiss the claims pending against them on the grounds that neither defendant issued an insurance policy to plaintiff.[6] Plaintiff does not oppose defendants' motion. The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court

---

[3] *Id.* ¶¶ 5, 9.
[4] *Id.* ¶¶ 15-20.
[5] *Id.* ¶¶ 21-37.
[6] R. Doc. 15.

2

must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* The district court 'may also consider matters of which [it] may take judicial notice.'" *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

## III. DISCUSSION

Plaintiff alleges that the insurance policy covering his property was issued by all three defendants to this action.[7] Notably, plaintiff does not attach the insurance policy to his complaint. Nevertheless, it is well settled that an insurance contract may be considered on a motion to dismiss if it is

---

[7] R. Doc. 1 ¶¶ 2-5, 9-10.

attached to the motion, referred to in the complaint, and "central to the plaintiff['s] claims." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Because defendants attach the relevant insurance policy to their motion, the policy is referred to in plaintiff's complaint, and it is "central to" plaintiff's claims, the Court may consider the policy in ruling on this motion. *Id.*

It is clear from the face of the policy that it was issued by State Farm Fire, not State Farm General or State Farm Auto.[8] Plaintiff lacks standing to sue State Farm General and State Farm Auto because he cannot trace his injury back to either defendant. *See Grant v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003) (noting that standing requires "a causal connection between [plaintiff's] injury and defendants' conduct"); *see also Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *5 (E.D. La. Mar. 6, 2007) ("The plaintiffs' concession that none of the named plaintiffs were insured by either [defendant] is a concession that they lack standing to sue those defendants."). Further, "[n]o action for breach of contract may lie in the absence of privity of contract between the parties." *Allday v. Newpark Square I Office Condo. Assoc., Inc.*, 327 So. 3d 566, 574 (La. App. 5 Cir. 2021); *see also La. Ins. Guar. Ass'n v. Rapides Parish Police Jury*, 182 F.3d

---

8  R. Doc. 19-2 at 2.

326, 331 (5th Cir. 1999) (same). Finally, the Court notes that plaintiff does not oppose the dismissal of his claims against State Farm General and State Farm Auto.

The Court thus dismisses plaintiff's claims as to State Farm Auto and State Farm General with prejudice. *See Smith v. GeoVera Adv. Ins. Servs., Inc.*, No. 22-556, 2022 WL 1470983, at *2 (E.D. La. May 10, 2022) (dismissing plaintiff's claims when the insurance policy makes clear that the defendant insurer "did not provide the relevant insurance coverage"); *Gilmore v. State Farm Fire & Cas. Co.,* No. 22-4280, R. Doc. 22 at 2 (E.D. La. June 9, 2023) (same).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion and DISMISSES plaintiff's claims against State Farm Auto and State Farm General WITH PREJUDICE.

New Orleans, Louisiana, this  15th   day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE